UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YUE ZHOU, et al.,

              Plaintiffs,

    v.

SIN KIONG CHAI, et al.,

              Defendants.

Case No. 21-cv-06067-AMO   (DMR)

**ORDER RE: PLAINTIFFS' MOTION FOR SANCTIONS; REPORT AND RECOMMENDATION RE: PLAINTIFFS' REQUEST FOR EVIDENTIARY SANCTIONS**

Re: Dkt. No. 68

This wage-and-hour lawsuit is pending before the Honorable Araceli Martinez-Olguin.  All discovery disputes have been referred to the undersigned.  [Docket No. 40.]  Plaintiffs now move pursuant to Federal Rule of Civil Procedure 37 for terminating or issue sanctions due to Defendants' discovery violations.  [Docket No. 68 ("Mot.").]  They also seek monetary sanctions.  Defendants opposed and Plaintiffs replied.  [Docket Nos. 72 ("Opp'n"), 74 ("Reply").]

For the reasons stated below and at the January 26, 2023 hearing, the court grants Plaintiffs' motion in part and recommends the imposition of evidentiary sanctions against Defendants with respect to the following discovery responses: interrogatory numbers 1 through 3, 4, and 6, and requests for admissions numbers 35 and 37.  The court recommends denial of the request for terminating sanctions.  Out of an abundance of caution, the court recommends rather than orders these particular sanctions because the determinations are evidentiary in nature and may be dispositive of issues in the case.  *See* 28 U.S.C. § 636(b)(1)(B).

The court also issues a non-dispositive discovery order with respect to interrogatory numbers 1 through 3, 7, 12 through 15, 16, and 17, and orders monetary sanctions.  *See* 28 U.S.C. § 636(b)(1)(A).

United States District Court
Northern District of California

## I.      BACKGROUND

This motion follows several attempts by Plaintiffs to obtain complete responses to interrogatories, requests for admission ("RFAs"), and requests for production ("RFPs") served on April 11, 2022.  Defendants provided written responses to the RFAs and RFPs on June 10, 2022.  [Docket No. 69 (X. Young Lai Declaration, December 21, 2022) ¶ 2.]  They did not respond to the interrogatories or produce documents until July 24 and July 25, 2022 respectively.  *Id.* ¶¶ 2, 4.  Defendants' late and insufficient responses have been the subject of several disputes presented to the undersigned, including two unilateral discovery letters filed by Plaintiffs (Docket Nos. 42, 54) and one joint discovery letter (Docket No. 57).

Plaintiffs submitted the first unilateral discovery letter in June 2022 after Defendants failed to respond to interrogatories or produce documents and did not engage in the meet and confer process that Plaintiffs tried to initiate.  [Docket Nos. 42, 43.]  The court ordered Defendants to file a response to Plaintiffs' discovery letter brief.  [Docket No. 44.]  Defendants did not respond.  The court then ordered Defendants to show cause in writing why they should not be sanctioned for failure to comply with a court order.  [Docket No. 45.]  Once again, Defendants did not respond.  As a result, Defendants and their counsel were ordered to appear for a hearing on July 28, 2022 to explain why they failed to comply with their discovery obligations as well as violate two court orders.  [Docket No. 46.]

At the hearing, the court ordered Defendants to submit "complete, legally sufficient responses to Plaintiffs' discovery requests" by July 29, 2022.  [Docket No. 48 (the "First Order").]  In addition, defense counsel Timothy Allen Reed was ordered to file a sworn declaration explaining why he missed case deadlines, failed to communicate with opposing counsel, and violated two court orders.  *Id.*  Reed was instructed to identify all flaws in his case management system that contributed to these multiple failures, as well as describe in detail all measures he is implementing to remedy these problems to ensure these mistakes never happen again in this case or other cases.  *Id.*  The court warned Reed that any similar conduct would result in sanctions and a referral to the Northern District of California Standing Committee on Professional Conduct.  *Id.*  Reed timely filed a declaration in response to the court's order.  [Docket No. 49.]  On September

1    10, 2022, Defendants submitted amended responses to Plaintiffs' interrogatories and produced

2    additional responsive documents.  Lai Decl. ¶ 6.

3            On October 19, 2022, Plaintiffs filed a second unilateral discovery letter explaining that

4    they had "exhausted all possible ways to get Defendants to comply" with the First Order.  [Docket

5    No. 54.]  The letter describes multiple attempts to obtain defense counsel's compliance that were

6    met with requests for more time and promises to provide supplemental responses and documents

7    that went unfulfilled.  *Id.* at 2-3.  The court ordered Defendants to file a response to Plaintiffs'

8    discovery letter brief, to which Defendants timely responded.  [Docket Nos. 55, 56.]  The parties

9    then refiled their submissions as a joint discovery letter.  [Docket No. 57.]

10           At the November 30, 2022 hearing on the joint discovery letter, Defendants were ordered

11   to amend their discovery responses consistent with the court's detailed instructions.  [Docket No.

12   61 (the "Second Order").]  Defendants were further ordered to file the amended discovery

13   responses so the court could review them for compliance, as well as an accompanying declaration

14   verifying that Defendants and their counsel exercised due diligence in searching for responsive

15   documents and amending their discovery responses.  *Id.*  Defendants timely filed their

16   supplemental responses on December 7, 2022.  [Docket No. 62.]  After being prodded by the

17   court, Defendants filed the declaration.  [Docket Nos. 66, 67.]

18           Plaintiffs now move for sanctions pursuant to Rule 37 and the court's inherent powers.

19   They ask for terminating sanctions in the form of default judgment against Defendants or, in the

20   alternative, issue sanctions tied to the discovery responses that they contend remain deficient.

21   Plaintiffs also request $21,909.50 in monetary sanctions.

## II.    LEGAL STANDARD

23           Federal Rule of Civil Procedure 37 authorizes the imposition of various sanctions for

24   discovery violations, including a party's failure to obey a court order to provide or permit

25   discovery.  Fed. R. Civ. P. 37(b)(2)(A).  Such sanctions may include, for example, directing that

26   the matters embraced in the order or other designated facts be taken as established for purposes of

27   the action; prohibiting the disobedient party from supporting or opposing designated claims or

28   defenses, or from introducing designated matters in evidence; striking pleadings in whole or in

United States District Court
Northern District of California

3

1   part; dismissing the action; or rendering a default judgment against the disobedient party.  *See* Fed.

2   R. Civ. P. 37(b)(2)(A)(i)-(vii).  A court may also order a party to pay the reasonable expenses,

3   including attorneys' fees, caused by its failure to comply with the order or rule.  Fed. R. Civ. P.

4   37(b)(2)(C).

5          Additionally, courts are vested with inherent powers arising out of "the control necessarily

6   vested in courts to manage their own affairs so as to achieve the orderly and expeditious

7   disposition of cases."  *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368

8   (9th Cir. 1992) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  A court's inherent

9   powers include "the 'broad discretion to make discovery and evidentiary rulings conducive to the

10  conduct of a fair and orderly trial.'"  *Id.* at 368 (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d

11  24, 27 (9th Cir. 1980)).

## III.    DISCUSSION

### A.    Defendants' Discovery Violations

14         Much of the discovery at issue is foundational to this wage and hour case.  The requests

15  call for payroll records and practices, employee names and work histories, and similar basic

16  information that is in the control of the employer Defendants.  Plaintiffs assert that Defendants

17  directly violated two court orders to submit "complete, legally sufficient responses to these

18  discovery requests" (First Order) and make amendments to their discovery responses consistent

19  with the court's instructions (Second Order).

20         The Second Order instructed Defendants to modify their discovery responses as follows:

21             In light of the patently defective responses, Defendants are ordered to
               make detailed amendments to their discovery responses consistent
22             with the court's instructions below. Defendants' responses must be
               clear, detailed, direct, and must admit to gaps in discovery, if any (for
23             example, "Defendants do not have any time records for any
               employees for "x" time period," or "Defendants have no records of
24             any meal or rest periods for any employees for "x" time period," etc.)
               Given Defendants' counsel's repeated failure to comply with
25             discovery obligations, Defendants are ordered to file their amended
               discovery responses by December 7, 2022 so that the court can review
26             them for compliance. Defendants' counsel shall file an accompanying
               declaration verifying that Defendants and their counsel have
27             exercised due diligence in searching for responsive documents and
               amending their discovery responses. Defendants must make their best
28             and final responses by December 7, 2022, and shall verify the

United States District Court
Northern District of California

1    responses under penalty of perjury.

2    **Interrogatory numbers 1 through 4:** Defendants shall identify the
     names and titles of past and current employees, their pay rates, and
3    their daily work hours and workdays in a week. Defendants may not
     rely on Federal Rule of Civil Procedure 33(d)(1) in their answers to
4    Interrogatory numbers 1, 2, or 4. Defendants' response to
     Interrogatory number 3 may rely on time records only to the extent
5    the records contain responsive information; if responsive information
     is not contained on the time records, Defendants must provide a
6    written response to this interrogatory.

7    **Interrogatory numbers 12 through 15:** Defendants must amend
     their responses to clearly state the facts on which they expect to rely
8    for each affirmative defense. As the discovery deadline has passed,
     Defendants may not expand the facts they have previously identified.

9    **Requests for Production 2, 9-10, and 16-17:** Defendants are ordered
     to conduct a diligent search of responsive documents and shall
10   produce all responsive documents by December 7, 2022. If
     documents identified in the joint discovery letter do not exist,
11   Defendants shall specifically say so.

12   **Requests for Admission 4, 6, 9, 13, 15, 18, 22, 25, 30, 33, 35, and
     37 and Interrogatory numbers 6, 7, 16, and 17:** By December 7,
13   2022, Defendants are ordered to file amended responses in light of
     their representation to the court that they are inaccurate.

14

15       Plaintiffs argue that Defendants violated the Second Order by failing to provide

16   supplemental responses to Interrogatory number 4, amend their incorrect answers to Interrogatory

17   numbers 16 and 17, amend their incorrect answers to Interrogatory numbers 6 and 7, and provide

18   adequate answers to Interrogatory numbers 12 through 15 regarding affirmative defenses. Mot. at

19   5; Lai Decl. ¶¶ 25-28. They also contend that Defendants' supplemental responses to

20   Interrogatory numbers 1, 2, and 3 are incomplete and evasive. Mot. at 7. Defendants respond that

21   they have answered all discovery requests propounded by Plaintiffs and corrected all deficiencies

22   as ordered by the court. Opp'n at 4, 5.

23       After reviewing the supplemental responses, the court finds that with a few exceptions, the

24   responses are deficient and do not comply with the Second Order as detailed below.

25                    **1.      Interrogatory No. 4**

26       The court ordered Defendants to supplement their response to Interrogatory No. 4, which

27   requests the "pay rate and payroll periods (such as weekly, biweekly, or semimonthly)" for each

28   employee listed in response to Interrogatory No. 1 (names and contact information for all former

and current employees since 2019).[1]  [Docket No. 69-1 ("Pls.' Interrogs.") at 3.]  Defendants

originally responded to Interrogatory No. 4 by stating that "[a]ll employees are paid bi-weekly,"

and ignoring the request for pay rates.  *Id.* at 11, 19.  In their supplemental interrogatory

responses, Defendants fail to include Interrogatory No. 4 altogether.  [Docket No. 62 ("Defs'

Supplemental Responses to Pls.' Interrogs.").]  Their opposition brief does not provide an

explanation for the omission.

        Defendants' failure to supplement their response to Interrogatory No. 4 directly

contravenes the court's order, which instructed them to identify the pay rates of past and current

employees.  *See* Second Order.  At the hearing, Plaintiffs explained that without the pay rate

information, they cannot identify all PAGA violations.  For example, pay rate information could

establish minimum wage and overtime violations.  As a sanction for Defendants' failure to comply

with the order, the court instructed the parties to file joint proposed evidentiary findings regarding

pay rates that were reasonably projected from existing evidence.  [Docket No. 80 (the "Third

Order").]  The parties submitted joint proposed evidentiary findings on February 22, 2023.

[Docket No. 82 ("Joint Proposed Evidentiary Findings").]  Accordingly, the court recommends

that the following facts from the parties' joint proposed findings be deemed admitted:

> (1) At all times within the statute of limitations of Plaintiffs' PAGA claims, Defendants
>     had three fulltime cooks;
>
> (2) At all times within the statute of limitations of Plaintiffs' PAGA claims, Defendants
>     paid these three cooks fixed monthly salaries;
>
> (3) At all times within the statute of limitations of Plaintiffs' PAGA claims, the hourly
>     rates reflected on these three cooks' wage statements did not reflect their actual hourly
>     rates;
>
> (4) At all times within the statute of limitations of Plaintiffs' PAGA claims, Defendants
>     had six full-time non-cook employees, such as waiters and kitchen helpers;
>
> (5) At all times within the statute of limitations of Plaintiffs' PAGA claims, these six non-

---

[1] At the hearing, Plaintiffs confirmed that the period of liability for their PAGA claim runs from
June 2020 to the present.

United States District Court
Northern District of California

1    cook employees were paid hourly rates;

2    (6) At all times within the statute of limitations of Plaintiffs' PAGA claims, the hourly

3    rates reflected on these six non-cook employees' wage statements were their actual

4    hourly rates.

5    Joint Proposed Evidentiary Findings at 1-2.

6    **2.    RFA Nos. 35, 36 and 37 and Interrogatory Nos. 6, 7, 16, and 17**

7    At the November 30, 2022 hearing, the court ordered Defendants to amend their responses

8    to RFA Nos. 4, 6, 9, 13, 15, 18, 22, 25, 30, 33, 35, and 37 and Interrogatory Nos. 6, 7, 16, and 17

9    in light of their representation to the court that they were inaccurate.[2]   Second Order.

10   After the hearing, Defendants amended all but two of the RFA responses that they were

11   ordered to correct so that they now state "admit" instead of "deny."  [Docket No. 64 ("Defs'

12   Supplemental Responses to Pls.' RFAs").]  Defendants did not amend their responses to RFA Nos.

13   35 and 37.[3]   Lai Decl. ¶ 35; *see also* Defs' Supplemental Responses to Pls.' RFAs.  Defendants

14   also inexplicably failed to include amended responses to Interrogatory Nos. 6, 7, 16, and 17.[4]   Lai

15   Decl. ¶ 36; *see also* Defs' Supplemental Responses to Pls.' Interrogs..  The court finds that

16   Defendants' failure to amend their responses to RFA Nos. 35 and 37 and Interrogatory Nos. 6 and

17   7 violates the Second Order and is subject to sanctions.  For the reasons set forth further below,

18   the court finds that Defendants did not violate the Second Order as to Interrogatory Nos. 12

19   

20   [2] On November 2, 2022, Plaintiffs deposed Defendant Huei Li Chu Chai who acknowledged that
many of Defendants' interrogatory responses were incorrect. Lai Decl. ¶ 31.  For example, Chai

21   testified that all Chinese cooks were paid monthly salaries in a combination of cash and checks
and that cash payments were not included in their wage statements.  *Id.*  Defendants do not dispute

22   this. Opp'n at 4.  Rather, they contend that they provided incorrect responses to written discovery
requests due to "a mistake and/or misunderstanding."  *Id.*

23   [3] Plaintiffs note that Defendants changed their response to RFA No. 36 from "Defendants have

24   insufficient information to be able to either admit or deny this request and so deny" to "deny."  Lai
Decl. ¶ 35.  At the January 26, 2023 hearing, defense counsel represented that RFA No. 36 should

25   actually be admitted.  Defendants were ordered to serve an amended response that reflects this
admission by January 27, 2023.

26   [4] Plaintiffs now contend that Defendants' answer to Interrogatory No. 5 is also incorrect.  Mot. at

27   7; Lai Decl. ¶ 36.  Because the Second Order did not instruct Defendants to file an amended
response to this interrogatory and Defendants therefore did not violate a court order, the court

28   declines to impose sanctions regarding Interrogatory No. 5.

United States District Court
Northern District of California

1    through 15 and determines that it need not address Defendants' failure to amend Interrogatory

2    Nos. 16 and 17.

3                    a.        **Requests for Admission Nos. 35 and 37**

4            Defendants originally denied RFA No. 35, which asked for an admission that they

5    compensated all cooks other than Plaintiffs with monthly salaries.  They also originally denied

6    RFA No. 37, which sought an admission that they paid all cooks other than Plaintiffs in a

7    combination of cash and checks.  *See* Defs' Supplemental Responses to Pls.' RFAs.   At the

8    November 30, 2022 hearing, Defendants represented to the court that these responses are

9    inaccurate.  As a result, the court ordered Defendants to amend them.  Second Order.

10   Inexplicably, the supplemental responses to RFA Nos. 35 and 37 continue to state "deny."  This

11   violates the court's order.

12           As a sanction, the court recommends that RFA Nos. 35 and 37 be deemed admitted.

13                   b.        **Interrogatory No. 6**

14           Interrogatory No. 6 asks Defendants to state, for any employee identified in Interrogatory

15   No. 1 who was paid partially in cash and partially by check, whether the cash compensation was

16   included in their itemized wage statements.  Pls.' Interrogs. at 5.  Defendants responded "N/A.".

17   *Id.* at 11 (Defs' amended responses to Pls.' interrogs.), 19 (Defs' original responses to Pls.'

18   interrogs.).  They were ordered to file an amended response in light of their representation that it

19   was inaccurate.  Second Order.  They failed to do so.  Defendants' failure to amend their response

20   directly contravenes the Second Order.  As a sanction, the court recommends that the answer to

21   Interrogatory No. 6 be "for any employee identified in Interrogatory No. 1 who was paid partially

22   in cash and partially by check, the cash compensation was not included in their itemized wage

23   statement."

24                   c.        **Interrogatory No. 7**

25           Interrogatory No. 7 asks Defendants to identify all current cooks.  Pls.' Interrogs. at 5.

26   Defendants' response lists one cook, Sin Kiong Chai.  *Id.* at 11 (Defs' amended responses to Pls.'

27   interrogs.), 19 (Defs' original responses to Pls.' interrogs.).  The court ordered Defendants to file

28   an amended response in light of their representation that it was inaccurate.  Second Order.

United States District Court
Northern District of California

8

Defendants failed to do so in violation of the court's order.  As a sanction, Defendants are ordered to produce one Defendant (chosen by Plaintiffs) for an additional two-and-a-half-hour deposition. *See* Third Order.  Defendants are responsible for payment of all deposition expenses except for Plaintiffs' attorneys' fees.  This includes court reporter fees, interpreter fees (if needed), and transcript costs.

### d.      Interrogatory Nos. 16 and 17

Interrogatory Nos. 16 and 17 ask Defendants to state the legal basis and all facts related to each response to Plaintiffs' RFAs that is not an unqualified admission.  Pls.' Interrogs. at 6. Defendants' original and amended responses to both interrogatories were identical:

> For Requests for Admission 5, 7, 14, 16, 23, 31, 36, and 38, Defendants have insufficient information to be able to admit or deny the request after having performed a reasonable inquiry concerning the subject matter of each request. For Requests for Admission 4, 6, 13, 15, 22, and 30, all Plaintiffs were paid hourly. For Requests for Admission 9, 18, 25, and 33, cash payments to Plaintiffs were included in wage statements. For Request for Admission 35, all cooks were compensated hourly. For Request for Admission 37, only Plaintiffs were paid in a combination of cash and check, as per their requests.

*Id.* at 13-14, 20-21.  The court ordered Defendants to amend their responses to Interrogatory Nos. 16 and 17 in light of their representation to the court that they were inaccurate.  Second Order. Because all RFAs responsive to Interrogatory Nos. 16 and 17 are now unqualified admissions, the court need not address Defendants' failure to amend their responses to these interrogatories.

### 3.      Interrogatory Nos. 12 through 15

Defendants were ordered to amend their responses to Interrogatory Nos. 12 through 15 "to clearly state the facts on which they expect to rely for each affirmative defense."  Second Order. Defendants were instructed that they could not use the opportunity to add facts that they previously had failed to identify.  *See id.*

Plaintiffs contend that Defendants' supplemental responses to Interrogatory Nos. 12 through 15 remain deficient.  Lai Decl. ¶ 28.  According to Plaintiffs, "all Defendants did is reorganize and renumber their responses, even if those responses made not much sense."  *Id.* ¶ 29. For example, Defendants provided the same responses to the legal and factual bases for their

1   affirmative defenses without citing to any legal authority.  *Id.*

2        Defendants' supplemental response to Interrogatory No. 12 states:

3            For affirmative defense # I: Plaintiffs did not complain about these
             alleged improper practices until such time as a lawsuit was filed,
4            indicating their acquiescence to the same.

5            For affirmative defense #2: The complaint is ambiguous and does not
             properly indicate whether Plaintiffs are exempt; neither does the
6            complaint specify whether the amounts agreed to be paid to Plaintiffs
             were inclusive or exclusive of overtime.
7
             For affirmative defense #3: Plaintiffs insisted on taking a portion of
8            their payment in cash and did not pay appropriate payroll taxes on that
             portion of their pay, whereas defendants did pay such extra portion in
9            plaintiffs' stead.

10           For affirmative defense #4: Plaintiffs insisted on taking a portion of
             their payment in cash and did not pay appropriate payroll taxes on that
11           portion of their pay, whereas defendants did pay such extra portion in
             plaintiffs' stead.
12

13  Docket No. 62.  Although the court agrees that Defendants' supplemental responses are cursory,

14  the Second Order instructed Defendants to "clearly state the facts on which they expect to rely for

15  each affirmative defense."  The court finds that Defendants' supplemental response to

16  Interrogatory No. 12 places Plaintiffs on notice of the facts on which Defendants expect to rely for

17  each affirmative defense, and locks Defendants into the facts that they may offer to support their

18  affirmative defenses.  As Defendants have satisfied their obligations with respect to Interrogatory

19  Nos. 12 through 15, the court declines to impose a sanction as to these interrogatories.

20              **4.       Interrogatory Nos. 1 through 3**

21        In addition to arguing that Defendants failed to follow the Second Order with respect to

22  their supplemental responses to Interrogatory Nos 1, 2, and 3, Plaintiffs assert that the responses

23  are incomplete and evasive, for several reasons.  Mot. at 7.

24        First, Plaintiffs contend that Defendants intentionally concealed a cook, Vi Van Tang, and

25  misstated his work period in discovery responses to make it appear as though he fell outside of

26  PAGA's one-year statute of limitations.  *Id.*; Lai Decl. ¶¶ 46-49.  Defendants' original responses

27  to Plaintiffs' interrogatories indicated that Vi Van Tang was a cook from "2019 through Q1

28  2020," *see* Plfs.' Interrogs. at 18, even though Defendants' document production shows that he

United States District Court
Northern District of California

1    worked for Defendants from at least August 2020 to October 2021.  *See* Lai Decl., Ex. H (Vi Van

2    Tang's wage statements dated 8/1/2020 and 10/24/2021).  At the hearing, Plaintiffs explained that

3    they were prejudiced by Defendants' inaccurate response because it led them to forgo Vi Van

4    Tang's deposition.  *See also* Lai Decl. ¶ 50.  Defendants did not respond to this argument.

5          Plaintiffs have established prejudice, but the prejudice can be cured.  Defendants are

6    ordered to produce Vi Van Tang for a two-hour deposition.  *See* Third Order.  Defendants are

7    responsible for payment of all deposition expenses except for Plaintiffs' attorneys' fees.  This

8    includes court reporter fees, interpreter fees (if needed), and transcript costs.

9          Next, Plaintiffs note that Defendants identified Venthong Phanhangchanh (without a job

10   title) in their original responses to interrogatories, but falsely stated that he worked for Defendants

11   only through 2019, outside of PAGA's statute of limitations. Mot. at 7; Lai Decl. ¶ 53.   In later

12   responses, they listed Venthong Phanhangchanh as a cook, but without specifying his work period

13   as requested by Interrogatory No. 2.  Mot. at 7; Lai Decl. ¶¶ 51-53.  At the hearing, Plaintiffs

14   acknowledged that Defendants produced Venthong Phanhangchanh's wage statements prior to the

15   close of discovery.  These wage statements indicate that he worked with Defendants through at

16   least June 22, 2022, within PAGA's liability period.  *See* Lai Decl., Ex. I.

17         Under Federal Rule of Civil Procedure 26(e)(1), a party responding to discovery has a duty

18   to supplement a discovery response in a timely manner if he or she later learns that "in some

19   material respect the . . . response is incomplete or incorrect."  However, this duty to supplement

20   does not apply when the "additional or corrective information" was "otherwise . . . made known to

21   the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Because

22   Plaintiffs were on notice that Venthong Phanhangchanh worked during the PAGA statute of

23   limitations period, Defendants' failure to supplement their responses in this respect does not

24   warrant discovery sanctions.

25         Finally, Plaintiffs argue that Defendants omitted the identities of at least 13 employees in

26   response to Interrogatory Nos. 1 through 3.[5]  Mot. at 7; Lai Decl. ¶ 55.  At the hearing, Plaintiffs

27

28   ────────────
     [5] Plaintiffs also assert that Defendants failed to identify Plaintiffs in response to Interrogatory Nos.
     1 through 3.  Lai Decl. ¶ 46 n.2.  On reply, Plaintiffs acknowledge that Defendants' supplemental

United States District Court
Northern District of California

1    clarified that Defendants produced wage statements for these employees. *See also* Lai Decl., Ex.

2    J. Plaintiffs stated that they nevertheless have been prejudiced by Defendants' failure to identify

3    the individuals in interrogatory responses because the wage statements do not contain all of the

4    information required to establish PAGA violations. For example, the wage statements do not

5    reflect the employees' position, dates of employment, daily work hours, or work days in a week.

6    *See* Lai Decl., Ex. J.

7         At the hearing, the court instructed that the parties' proposed evidentiary findings in

8    connection with Interrogatory No. 4 shall also apply to these 13 employees. Accordingly, the

9    court recommends that the 13 employees be covered by the parties' Joint Proposed Evidentiary

10   Findings as set forth above. Defendants' failure to supplement their responses in this respect does

11   not warrant additional discovery sanctions.[6]

12        **B.  Terminating Sanctions**

13        Plaintiffs argue that terminating sanctions are in order due to Defendants' "egregious

14   discovery abuse." Mot. at 2. Specifically, Plaintiffs ask the court to strike Defendants' answer

15   _____

16   responses to Plaintiffs' requests for admissions include Plaintiffs' work days, work periods, and
     pay rates. Reply at 5 n.1. However, they assert that Defendants have not provided any
17   information with respect to Plaintiffs' daily work hours. *Id.* at 5. Plaintiffs' request for issue
     sanctions with respect to Plaintiffs' work hours is denied. Plaintiffs did not sufficiently put
18   Defendants on notice of this request for relief. The request is not in Plaintiffs' brief. Instead, it is
     buried in a footnote in Lai's supporting declaration.

19   [6] Plaintiffs ask that the matters asserted in paragraphs 80 through 84 of the Third Amended
20   Complaint be deemed established. Mot. at 8-9. In support of their request, Plaintiffs explain that
     Defendants' misconduct has made it difficult for Plaintiffs to prove violations related to their
21   PAGA action as well as the number of penalties. *Id.* at 8. As paragraphs 80 through 84 of the
     Third Amended Complaint merely restate the law under PAGA, the court declines to impose this
22   additional sanction.

23    On reply, Plaintiffs seek new issue sanctions. They ask the court to:

24        -  Prohibit Defendants from introducing evidence related to Plaintiffs' daily work hours, or in
             the alternative, to deem Plaintiffs' daily work hours stated in the Third Amended
25           Complaint, paragraphs 22-24, 29-31, 35-36, 39-40, as established; and
          -  Strike Defendants' affirmative defenses, or in the alternative, prohibit Defendants from
26           introducing evidence with respect to their affirmative defenses. Reply at 5-6.

27    Plaintiffs' opening brief did not sufficiently put Defendants on notice of these additional requests
     for sanctions. Plaintiffs did not clearly state these new requests until their reply brief, which is
28   inappropriate. The requests are therefore denied.

United States District Court
Northern District of California

1    and enter default.  *See* Notice of Mot.; Mot. at 5.

2         The Ninth Circuit has instructed that "[d]ismissal is an available sanction when 'a party

3    has engaged deliberately in deceptive practices that undermine the integrity of judicial

4    proceedings' because 'courts have inherent power to dismiss an action when a party has willfully

5    deceived the court and engaged in conduct utterly inconsistent with the orderly administration of

6    justice.'"  *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citation omitted).

7         Before imposing the sanction of dismissal pursuant to either Rule 37 or the court's inherent

8    power, courts must consider the following five factors: "(1) the public's interest in expeditious

9    resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the

10   party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5)

11   the availability of less drastic sanctions."  *Leon*, 464 F.3d at 958.

12        In addition, a finding of "willfulness, fault, or bad faith" is required for dismissal to be

13   proper, and the Ninth Circuit has reiterated the need to consider "less severe alternatives" than

14   outright dismissal.  *See Leon*, 464 F.3d at 958.  The court must "explicitly discuss the feasibility of

15   less drastic sanctions and explain[ ] why such alternate sanctions would be inappropriate,"

16   "implement[ ] alternative sanctions before ordering dismissal," and "warn[ ] the party of the

17   possibility of dismissal before ordering dismissal."  *Id.* at 960.  Lesser sanctions may not be

18   adequate in circumstances "where the court anticipates continued deceptive misconduct," and

19   there is no "reasonable assurance that the truth would be available."  *Anheuser–Busch*, 69 F.3d at

20   348.

21        The parties dispute whether Defendants' misconduct was so intentional as to rise to a

22   finding of "willfulness, fault, or bad faith."  *See* Reply at 4.  Plaintiffs contend that, in addition to

23   expressly violating court orders, Defendants exhibited a "pattern of deception and abuse of

24   discovery" by failing to engage in meet and confer efforts, failing to respond to inquiries from

25   Plaintiffs, defying court orders, and intentionally providing false answers.  Mot. at 6.  Defendants

26   assert that any false discovery responses were due to "a mistake and/or misunderstanding."  Opp'n

27   at 4.  They do not address Plaintiffs' remaining complaints.

28        Despite Defendants' dilatory conduct and blatant failure to comply with court orders,

United States District Court
Northern District of California

13

1    Plaintiffs have not offered evidence to support their contention that Defendants acted

2    intentionally—as opposed to carelessly—when they failed to respond or inaccurately responded to

3    Plaintiffs' discovery requests.  The record does not demonstrate that Defendants engaged in

4    deceptive practices that undermine the integrity of judicial proceedings.  *See Leon*, 464 F.3d at

5    948.  For example, Plaintiffs do not offer any evidence to support their conclusory statement that

6    "Defendants intentionally concealed the identities of the cooks and deliberately omitted at least 13

7    employees."  *See* Mot. at 8.

8         Plaintiffs argue that, when conduct is less culpable, a terminating sanction may

9    nevertheless be necessary "if the *prejudice* to [a party] is extraordinary, denying it the ability to

10   adequately [prosecute or] defend its case.  Mot. at 4 (emphasis and alterations in original) (citing

11   *Silvestri v. GMC*, 271 F.3d 583, 591, 593 (4th Cir. 2001).  Plaintiffs further contend that "courts

12   'have held that *failure to produce documents as ordered . . .* is considered sufficient prejudice.'"

13   Mot. at 4 (emphasis in original) (citing *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116

14   (9th Cir. 2004)).

15        Plaintiffs assert that Defendants' actions caused irreparable harm and prejudice to them for

16   three reasons.  Mot. at 7.  First, because Defendants failed to produce critical information with

17   respect to the aforementioned employees, "it is difficult, if not impossible, to determine

18   Defendants' labor code violations with respect to these employees."  *Id.* at 8.  Second, Defendants'

19   substantial delay in complying with discovery obligations prevented Plaintiffs from using

20   Defendants' responses until after the discovery deadline had passed.  *Id.*  Finally, because of the

21   incomplete record, Plaintiffs are unable to have an economist produce a meaningful expert report

22   on the number of PAGA violations and penalties or provide an expert disclosure by the discovery

23   deadline.  *Id.*; Lai Decl. ¶ 59.

24        Defendants and their counsel have exhibited a glaring lack of diligence and care in

25   responding to discovery.  However, the court does not find that Defendants' conduct is sufficiently

26   prejudicial to warrant terminating the case.  Defendants' misconduct has not so infected this case

27   as to make a fair trial impossible or so impacted Plaintiffs as to render them incapable of

28   prosecuting their case.  Less drastic evidentiary sanctions and attorneys' fees (discussed below)

United States District Court
Northern District of California

14

1    provide the appropriate remedy in this case.

2        **C.  Attorneys' Fees**

3        Plaintiffs also request monetary sanctions in the amount of $21,909.50 under Federal Rule

4    of Civil Procedure 37.  Mot. at 9.  They rely on several sections of Rule 37, namely Rule 37(a)(5)

5    in connection with discovery motions, Rule 37(b)(2) in connection with Defendants' failure to

6    obey discovery orders, and Rule 37(c) in connection with Defendants' failure to admit or

7    supplement discovery responses.[7]  *See* Mot. at 2, 9.  Defendants do not specifically address

8    Plaintiffs' request for attorneys' fees; instead, they argue that Plaintiffs should be sanctioned for

9    filing a frivolous motion.[8]  Opp'n at 6.  As set forth in detail above, the court finds that

10   Defendants' discovery misconduct and violations of court orders are sanctionable pursuant to Rule

11   37, and that the payment of reasonable attorneys' fees and costs is appropriate.

12       In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the

13   "lodestar."  *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).  "The 'lodestar' is

14   calculated by multiplying the number of hours the prevailing party reasonably expended on the

15   litigation by a reasonable hourly rate."  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.

16   1996).  There is a strong presumption that the lodestar figure represents a reasonable fee.  *Jordan*,

17   815 F.2d at 1262.  In calculating the lodestar, the court must determine both a reasonable number

18   of hours and a reasonable hourly rate for each attorney.  *Morales*, 96 F.3d at 363.  In calculating a

19   reasonable number of hours, the applicant must justify the claim by submitting detailed time

20   records.  The court may adjust these hours down if it believes the documentation to be inadequate,

21   if the hours were duplicative, or if the hours were either excessive or unnecessary.  *Chalmers v.*

22   *City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied, amended on other*

23   *grounds,* 808 F.2d 1373 (9th Cir. 1987).

24

25   ---

26   [7] Plaintiffs argue in passing that the court has "the inherent power to sanction Defendants in light
     of Defendants' abuses of the discovery process and providing false answers."  Mot. at 9.  As the
     court finds that monetary sanctions are warranted under Federal Rule of Civil Procedure 37, it
27   need not address Plaintiffs' alternative argument.

28   [8] As set forth at length above, the court does not find that Plaintiffs' motion is frivolous.
     Accordingly, Defendants' motion for sanctions is denied.

1    Plaintiffs assert that they have "expended 50.5 hours on this motion, two previous letter

2    briefs, the deposition of Defendant Chu, and other related tasks." Lai Decl. ¶ 71.  Plaintiffs have

3    reduced the hours by 10 percent to 45.45 hours.  *Id.* ¶ 72.  They have also provided a breakdown

4    of their billing entries.  *Id.* ¶¶ 71-72, Ex. K.

5    The court has carefully reviewed Plaintiffs' entries and concludes that a fee sanction is

6    warranted under Rule 37 for all tasks billed except work related to Defendant Chu's deposition.

7    Plaintiffs seek attorneys' fees for 11.8 hours billed in connection with that deposition.  *See* Lai

8    Decl. ¶ 72, Ex. K (entries dated 10/31/2022 and 11/1/2022).  They also request $1,457.00 for

9    related costs.  *Id.*  Plaintiffs assert they are entitled to these expenses under Rule 37(c)(2) because

10   Defendants failed to admit that several of their discovery responses were false until after

11   Defendant Chu's deposition was taken.  *See* Mot. at 9.  While Chu's deposition testimony revealed

12   that several of Defendants' responses to RFAs were inaccurate, the deposition took place in the

13   normal course of litigation, and Plaintiffs have not demonstrated that they would not have taken

14   the deposition but for Defendants' discovery misconduct.

15   Plaintiffs' remaining billing entries relate to the June 2022 unilateral discovery letter

16   regarding Defendants' failure to respond to interrogatories or produce documents (3.5 hours), the

17   October 2022 unilateral discovery letter regarding Defendants' non-compliance with the First

18   Order (4.2), the November 7, 2022 joint discovery letter regarding Defendants' defective

19   discovery responses (1.5 hours), and the November 30, 2022 hearing on that discovery letter (0.8

20   hours).  *See* Lai Decl., Ex. K.  Plaintiffs also billed time for reviewing Defendants' supplemental

21   responses (1.1 hours) and for work related to drafting this motion and counsel's supporting

22   declaration (27.6 hours).  Plaintiffs clearly incurred substantial attorneys' fees in attempting to

23   obtain Defendants' compliance with their discovery obligations and court orders.  Accordingly,

24   the court finds that Plaintiffs have adequately shown that they billed the time claimed as a result of

25   Defendants' misconduct.

26   Plaintiffs seek an hourly rate of $450.00.  Lai Decl. ¶ 67.  They argue that the requested

27   hourly rate is reasonable.  Mot. at 9.  In support, Plaintiffs rely on the Laffey Matrix issued by the

28   United State Department of Justice, which they adjust for the Bay Area.  Lai Decl. ¶ 68.  Based on

*United States District Court*
*Northern District of California*

16

United States District Court
Northern District of California

1  this adjustment, Plaintiffs assert that an hourly rate of $450.00 represents only 68% of the

2  prevailing hourly rate of $659.00 in the Bay Area.  *Id.*  Defendants do not address or object to

3  Plaintiffs' requested hourly rate.

4        The court finds that the hourly rate of $450 is reasonable and falls within the market rates

5  for attorneys of similar experience, skill, and reputation who handle wage and hour cases in the

6  Bay Area.  This finding is supported by Lai's declaration and this court's experience and

7  understanding of the relevant market rates.

8        Accordingly, the court orders Plaintiffs' attorneys' fees for 38.7 hours at a rate of $450.00

9  or **$17,415.00** pursuant to Rule 37.  Rule 37(b)(2)(C) authorizes the imposition of reasonable

10 expenses, including attorneys' fees, against a party, the attorney advising that party, or both.  In

11 light of the extensive record of Defendants' counsel's repeated failures to follow court orders and

12 comply with discovery obligations in this case, the court finds that attorney Timothy Allen Reed

13 shall be responsible for paying 75% of the fee sanction.  The record shows that Defendants also

14 bear some responsibility for the misconduct as the content of Defendants' discovery responses

15 display a lack of candor and diligence.  Accordingly, Defendants shall be responsible for paying

16 25% of the fee sanction.  Full payment must be made to Plaintiffs within 30 days of this order.

17 **IV.    CONCLUSION**

18       For the foregoing reasons, the court grants Plaintiffs' motion in part and recommends

19 imposing evidentiary sanctions against Defendants with respect to interrogatory numbers 1

20 through 3, 4, and 6, and requests for admissions numbers 35 and 37.

21       Any party may file objections to the recommended evidentiary sanctions with the district

22 judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

23 72(a); N.D. Cal. Civ. L.R. 72-2.

24 //

25 //

26 //

27 //

28 //

//

  The court also orders Defendants to produce one Defendant (chosen by Plaintiffs) for an additional two-and-a-half-hour deposition, and Vi Van Tang for a two-hour deposition.  In addition, the court awards Plaintiffs' fees in the amount of **$17,415.00** to be apportioned 75% against attorney Timothy Allen Reed and 25% against Defendants.

  **IT IS SO ORDERED.**

Dated: May 11, 2023

_____
Donna M. Ryu
Chief Magistrate Judge

United States District Court
Northern District of California

18