UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YUE ZHOU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SIN KIONG CHAI, et al.,<br><br>    Defendants. | Case No. 21-cv-06067-AMO<br><br>**ORDER DENYING MOTION FOR APPROVAL OF PAGA SETTLEMENT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 115 |

This is a representative action brought pursuant to the California Private Attorneys General Act ("PAGA") in which Plaintiffs seek approval of a settlement of PAGA penalty claims. Motion ("Mot.") (ECF 115). Because the motion contains several deficiencies, as discussed below, the Court DENIES the motion without prejudice and VACATES the May 8, 2025 hearing.

In the Third Amended Complaint ("TAC"), ECF 20, Plaintiffs seek PAGA penalties for Defendants' (1) failure to pay minimum wage pursuant to Cal. Lab. Code § 1197.1(a) as to the three cooks; (2) failure to pay overtime pursuant to Cal. Lab. Code § 558 and Industrial Welfare Commission Order 5-2001 as to the three cooks; and (3) failure to furnish an accurate itemized wage statement pursuant Cal. Lab. Code, § 226.3 as to all nine former employees.[1] Mot. at 5 (citing TAC).

The proposed settlement provides for PAGA penalties in the amount of $5,475. *Id*. at 6. By statute, 75% of that amount – $4,106.25 – will be distributed to the California Labor and Workforce Development Agency ("LWDA"). *Id*. at 3; *see also* Cal. Lab. Code § 2699(i). The

---

[1] Plaintiffs' motion acknowledges, as held in this Court's prior order, that Plaintiffs' fourth claim – failure to pay split-shift premiums – is not an actionable PAGA claim where Plaintiffs are not "aggrieved employees" as to that specific labor code violation. Mot. at 5, *citing* Order at 22.

1  remaining 25% – $1,368.75 – will be allocated among the "aggrieved employees," which the
2  proposed settlement agreement defines as "employees who worked for Defendants from July 25,
3  2020 through December 6, 2022." *Id*. at 4. Plaintiffs calculate that there were 124 weeks within
4  the PAGA period, 62 of which were biweekly pay periods. *Id*. at 5.

5        As to the first claim of minimum wage violations, Plaintiffs assert that Defendants'
6  maximum exposure to PAGA penalties is $46,050 [=($100x1+$250x61)x3]. Mot. at 6. As to the
7  second claim concerning overtime wages, Plaintiffs assert that Defendants' maximum exposure to
8  PAGA penalties is $18,450 [=($50x1+$100x61)x3]. *Id*. Plaintiffs therefore calculate that the
9  maximum exposure to PAGA penalties for these two claims is $64,500 [=$46,050 + $18,450].
10 Plaintiffs assert that "5% of the maximum exposure [as to claims one and two] will be appropriate
11 and sufficient to serve the penalty purposes." *Id*. Thus, Plaintiffs suggest PAGA penalties for
12 these two claims in the amount of $3,225 [=5%x$64,500].

13       As to the third claim concerning wage statements, the PAGA statute allows for a penalty of
14 $250 per employee per pay period for the initial violation, and $1,000 per pay period for each
15 subsequent violation. Cal. Lab. Code § 226.3. Plaintiffs do not identify Defendants' maximum
16 exposure to PAGA penalties as to claim three. Mot. at 5-6. Rather, Plaintiffs assert that, to avoid
17 an unjust or oppressive result pursuant to Cal. Lab. Code § 2699(e)(2), one initial $250 penalty for
18 each nine employees will be "appropriate and sufficient to serve the penalty purposes." *Id*. at 6.
19 Thus, Plaintiffs suggest liability of $2,250 [=$250x9] as to claim three.

20       Plaintiffs' motion suffers from several deficiencies which prevent the Court from
21 determining whether the settlement is fair and adequate in view of the purpose and policies of the
22 PAGA statute while taking into account the parties' respective litigation risks. *See O'Connor v.*
23 *Uber Technologies, Inc.*, 201 F. Supp. 3d 1110, 1135 (N.D. Cal. 2016).

24       First, Plaintiffs' calculation of the number of relevant pay periods and asserted duration of
25 the proposed PAGA period suffer from the same deficiencies identified in the Court's order
26 denying in part Plaintiffs' motion for summary judgment: failure to make clear whether its figures
27 exclude penalties extending beyond an employee's termination and failure to tabulate the number
28 of pay periods using the evidence in the record. *See* ECF 98 at 22.

Second, Plaintiffs' assertion that a 95% discount of the maximum PAGA liability as to claims one and two is warranted "[g]iven the questions of proof and the fact that the Court already denied Plaintiffs' [m]otion for summary judgement on [the] PAGA claims," is insufficient. For example, although Plaintiffs reference "questions of proof," they do not discuss the significance of the Court's prior order adopting a magistrate judge's report and recommendation for discovery sanctions against Defendants, which included the Court making several factual findings in Plaintiffs' favor (ECF 90). *See O'Connor*, 201 F. Supp. 3d at 1135 (holding that the Court cannot find that a proposed PAGA settlement is fair and adequate where the proposed reduction in PAGA liability did not adequately reflect the parties' respective risks).

Third, Plaintiffs' motion fails to identify Defendants' maximum PAGA exposure as to claim three, or to provide sufficient justification for the proposal of limiting the penalty to a one-time $250 penalty per employee, rather than also seeking the $1,000 penalty for subsequent violations. *See* Cal. Lab. Code § 226.3. Plaintiffs' assertion that "because wage statement omissions are based on a technicality and the restaurant has already been sold," Mot. at 10, does not sufficiently address how the drastic reduction in the PAGA penalty serves PAGA's purposes. *See Moniz v. Adecco USA, Inc.*, 72 Cal. App. 5th 56, 77 (2021) ("[A] trial court should evaluate a PAGA settlement to determine whether it is fair, reasonable, and adequate in view of PAGA's purposes to remediate present labor law violations, deter future ones, and to maximize enforcement of state labor laws."), *overruled in part on other grounds by Turrieta v. Lyft, Inc.*,16 Cal. 5th 664, 708-10 (2024).

Because of these deficiencies, the Court **DENIES** Plaintiffs' motion. If Plaintiffs can remedy the deficiencies outlined above, they may file a renewed motion within 30 days of this order. In addition to addressing the issues set forth above, and why the settlement should be approved under the governing legal standard, any renewed motion must:

- Set forth why the proposed discounts on the maximum value of the PAGA claims is appropriate, which can be addressed by supplying appropriate comparator cases adopting such a discount.

- Advise the Court of any response from the LWDA regarding the proposed PAGA

3

settlement agreement.

Should Plaintiffs elect to not file a renewed approval motion within 30 days, the parties must file a joint status report within 45 days, with a proposal for how this litigation should proceed.

In light of the foregoing, the Court **VACATES** the motion hearing scheduled for May 8, 2025.

**IT IS SO ORDERED.**

Dated: May 1, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**